NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0242n.06
Filed: April 2, 2007

06-3548

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| VIRGINIA HARPER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| OFFICER F. W. AMWEG and DEPUTY | ) | SOUTHERN DISTRICT OF OHIO |
| HAMBURGER, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: MERRITT, DAUGHTREY, and GRIFFIN, Circuit Judges.

PER CURIAM. The plaintiff, Virginia Harper, appeals the order of summary judgment entered by the district court in favor of the defendants, Officer F. W. Amweg of the Ohio State University (OSU) Police Department and Sheriff's Deputy Andrew Hamburger, who was working with Amweg at the time of the events in this case as an off-duty security officer on the University's "vendor detail." As members of the detail, the defendants' assignment was two-fold: to prevent the sale of merchandise bearing unlicensed OSU insignia and to prevent sales on campus by unauthorized vendors. After twice warning plaintiff Harper that she could not sell handmade buckeye necklaces on campus during OSU football games, the officers observed her make an on-campus sale of two necklaces and arrested her, charging her with criminal trespass and violation of the

local peddlers ordinance. Those charges were later dismissed, and the plaintiff brought this § 1983 action, claiming that she had been arrested without probable cause, by use of excessive force, and subjected to an illegal search and seizure of her personal property, all in violation of the Fourth Amendment. *See* 42 U.S.C. § 1983.

The defendants raised qualified immunity as an affirmative defense, contending that there was probable cause to support the plaintiff's arrest for criminal trespass. The district court agreed and, in a well-reasoned order, granted summary judgment to the defendants.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court based upon the reasoning set out by that court in its opinion and order dated March 20, 2006.

**Merritt, Circuit Judge, dissenting.** I agree with the majority that the defendant-officers had probable cause to arrest the plaintiff for criminal trespass under Ohio Revised Code § 2911.21(A)(2).[1] Despite being warned twice that she was not allowed to sell her handmade wares on the university campus, Harper knowingly violated the restriction when she sold two buckeye necklaces as she returned to her vehicle.

I would hold, however, that the officers are not entitled to qualified immunity on Harper's excessive force claim, and would remand the case for a jury trial on this issue. In her complaint, Harper claimed that Officer Amweg approached her from behind, "grabbed her arm forcibly and without warning, and jerked her body around so that it was facing toward him." J.A. 10. The force was so great that it sent her backpack "flying to the ground." After searching Harper's backpack and "fanny pack," the defendants handcuffed Harper behind her back and drove her to the university's police station. Harper claims that the handcuffs "were very tight . . . and caused her significant pain during the time she was forced to wear them and afterwards." J.A. 11.

Claims of excessive force by police officers in the course of an arrest are governed by the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). To satisfy

---

[1] Ohio Revised Code § 2911.21(A)(2) provides:

> (A) No person, without privilege to do so, shall do any of the following:
>  . . .
> (2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard;

- 3 -

constitutional review, the use of force must be objectively reasonable; to test the reasonability of a particular exercise of force, courts must balance the consequences to the individual against the government's interest in effecting the seizure. *Id*. at 396. In conducting the analysis, courts "should pay particular attention to 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Darrah v. City of Oak Park*, 255 F.3d 301, 307 (6th Cir. 2001) (quoting *Graham*, 490 U.S. at 396).

In the present case, there is sufficient doubt about the reasonability of the force exercised by the two officers to warrant a jury determination. The plaintiff is a senior citizen and grandmother, and she was courteous and compliant in both of her encounters with the police officers before the time of her arrest. There is no indication that she ever threatened the officers, resisted arrest or attempted to flee. In spite of her previous courteous interactions with them, the officers used considerable force in grabbing Harper and spinning her around and found it necessary to handcuff her behind her back[2] for transportation to the police station where she was charged with one count of criminal trespass, a mere fourth degree misdemeanor under Ohio law.

---

[2]In its opinion on the excessive force issue, the District Court held that under Sixth Circuit law, Harper could not prevail on an excessive force based on handcuffs that were too tight because she did not complain about the tightness of the handcuffs at the time of her arrest. J.A. 12-13. As I read her complaint, Harper is alleging that the totality of the force exercised by the officers was unreasonable under the Fourth Amendment. When considering the totality of the force, our precedents that relate specifically to tight handcuffs are not dispositive.